## YONG LING LIAN, Petitioner,

v.

## Alberto R. GONZALES,[1] Respondent.

## No. 04–2692–AG NAC.

United States Court of Appeals, Second Circuit.

Nov. 21, 2005.

Karen Jaffe, New York, New York, for Petitioner.

Thomas P. Colantuono, United States Attorney for the District of New Hampshire, Gretchen Leah Witt, Assistant United States Attorney, Concord, New Hampshire, for Respondent.

PRESENT: CABRANES, RAGGI, and WESLEY, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

DECREED that the petition for review is hereby DENIED.

Yong Ling Lian, through counsel, petitions for review of the BIA decision denying her claims for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the IJ decision where, as here, the BIA summarily adopted or affirmed the IJ decision without opinion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). An IJ's factual findings are reviewed under the substantial evidence standard and can only be overturned if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir. 2004).

In this case, the IJ denied Lian's claims for relief on the grounds that he found her testimony both incredible and implausible. All of these grounds upon which the IJ relied are supported by substantial evidence in the record.

First, the IJ determined that Lian's testimony that her neighbor learned of her pregnancy and notified the marriage license office was implausible. The IJ stated that it was unlikely that Lian's neighbor would have been in the examination room or have been present when Lian was engaged in a confidential communication with her doctor. Moreover, the IJ determined that it was difficult to believe that the neighbor would take the information that Lian was pregnant and immediately go to the marriage license office. Lian testified that she and her boyfriend did not decide to get married until she learned she was pregnant. The neighbor would not have known that Lian and her boyfriend were

planning to go to the marriage certificate office. The IJ noted that even if the neighbor decided to report the pregnancy to the family planning office, it was highly unlikely that the neighbor would notify the family planning office and the family planning office would notify the marriage certificate office all within half an hour. Although Lian said she was convinced that her neighbor reported her, she did not present any proof other than a feeling "in her heart." Her testimony was not convincing that these events occurred as she stated. Moreover, this issue goes to the heart of whether Lian's pregnancy was forcibly aborted.

The IJ also determined that Lian's testimony that the family planning officials did not forcibly take her for an IUD insertion was also implausible. Some of the same officials who allegedly took Lian to the hospital for the abortion allegedly gave her an extra day for an IUD insertion because she was tired and had a headache. Furthermore, the officials did not return to Lian's house the following day. Lian testified that her parents and her boyfriend said they have not had any problems with the authorities since she left. The IJ's implausibility finding on this ground is supported by the record because Lian's testimony is highly skeptical and she did not offer any alternative, more plausible explanations.

The IJ also determined that Lian's testimony was not plausible when she stated that her parents tore up the fine they received from the government for Lian's pregnancy and suffered no consequences. It seems highly unlikely that the same government that forcibly aborted Lian's pregnancy would then ignore the fine they issued for violation of the family planning policy. The fact that the government offi-

358

cials have not contacted Lian's parents, or her boyfriend, since she left China is curious, especially considering Lian did not have the IUD inserted as requested and did not pay the fine. There is no evidence in the record to explain this unlikely situation.

The IJ also determined that Lian was not credible because she failed to mention the issuance of the fine in her asylum application. As the IJ noted, the fine goes to the heart of the claim as to whether the government forcibly aborted Lian's pregnancy. However, Lian's supporting documents and her own asylum application failed to mention that she was also fined for violating the family planning policy. Moreover, she did not provide an explanation for this omission at her hearing. Therefore, it was proper for the IJ to use this as a factor in determining that Lian was not credible.

Lian did not challenge the denial of her withholding of removal claim and CAT claim before the BIA, nor does she challenge it before this Court. Therefore, these claims are waived.

Accordingly, the petition for review is denied, and the BIA order is affirmed.